UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DONALD L. COBB, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 24-1878 (UNA) |
| | : | |
| STATE OF CALIFORNIA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* (ECF No. 2), his *pro se* complaint (ECF No. 1, "Compl."), Motion for Res Judicata With Respect to National Security; Fraud Against the Federal Government; A Free Speech Violation" (ECF No. 3, "Mot. Res Judicata"), and Motion to Amend Pleading (ECF No. 4). The Court grants the application, denies the motions and, for the reasons stated below, dismisses the complaint.

Plaintiff identifies himself as a former "full-time, non-probationary California state employee[.]" Compl. ¶ 4. He alleges that "defendant," *id.* ¶ 9, presumably the State of California, *see id.* ¶¶ 4-5, ordered him "to break federal law," *id.* ¶ 9, on unspecified dates "[b]etween and including 2004 and 2005," *id.*; *see generally* Mot. Res Judicata. Plaintiff allegedly refused, *see id.*, and attributes his termination on January 12, 2005, Mot. Res Judicata ¶ 4, to his having "spoke[n] out against defendants' wrongful behavior," Compl. ¶ 9. He brings this action against the California, Professional Engineers in California Government, and to individuals, claiming that his "First Amendment rights to speak out on a public wrong," *id.* at 4, have been violated. As a result, plaintiff alleges, he has been "dismissed from his permanent civil service position for exercising his constitutionally guaranteed and protected First

1

Amendment rights," *id*., has "lost wages, lost . . . career opportunities, [and experienced] pain and suffering, humiliation, [and] damage to reputation," among other harms.  Plaintiff demands compensatory, punitive and special damages, and reinstatement to his former position.  *Id*.

The Court treats the complaint as having been brought under 42 U.S.C. § 1983 and concludes its First Amendment claim is time-barred.  A three-year statute of limitations applies.  *See Earle v. District of Columbia*, 707 F.3d 299, 305 (D.C. Cir. 2012) ("We apply the three-year residual statute of limitations to a section 1983 claim.") (citing *Singletary v. District of Columbia*, 351 F.3d 519, 529 n.11 (D.C. Cir. 2003)); *Savage v. District of Columbia*, No. 02-7135, 2003 WL 843326, at *1 (D.C. Cir. Feb. 25, 2003) (per curiam) (concluding that "[t]he district court properly applied a three-year statute of limitations in this case brought pursuant to 42 U.S.C. § 1983").  If, as plaintiff alleges, defendants violated his First Amendment rights by the time of his termination in January 2005, his claim accrued nearly 20 years before he filed the instant complaint, rendering the claim untimely, *Morrison v. Bowser*, No. 24-cv-0610 (TNM), 2024 WL 3291024, at *3 (D.D.C. July 3, 2024) (concluding that "a seven-year gap" between date on which claim accrued and filing of complaint "falls well beyond the three-year allowance for § 1983 claims," and "[t]his reason alone warrants the dismissal of the Complaint"), and plaintiff fails to set forth a valid basis to "forgive any filing deadlines . . . and invoke the Equitable Tolling Doctrine," Mot. Res Judicata at 4.

A separate order will issue.

TREVOR McFADDEN<br>United States District Judge

DATE: July 18, 2024